## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

ROY LASSITER, JENNIFER
PURIFOY,

§

2007 JUN 25  P  2: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Plaintiffs

§

v.

§
§

CIVIL ACTION NO. 2:07CV583 -MEF

PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY, UNITED
HEALTHCARE SERVICES, INC., as
successor in interest to Pacificare
Life & Health Company; ROBERT D.
BELL and Fictitious Defendants "A"
through "R"

§
§
§
§
§
§
§
§

Defendants

§

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT FOR THE
## <u>MIDDLE DISTRICT OF ALABAMA</u>

COME NOW Defendants PacifiCare Life and Health Insurance Company and

United HealthCare Services, Inc. (together, "PacifiCare"), through counsel, and file this

Notice of Removal, and would respectfully show the Court as follows:

I.

## <u>PROCEDURAL BACKGROUND</u>

1.     PacifiCare is a Defendant in the above-entitled action, until now pending

in the Circuit Court of Bullock County, Alabama, Case No. CV-07-900017, styled *"Roy*

*Lassiter, Jennifer Purifoy v. PacifiCare Life and Health Insurance Company, Robert D.*

*Bell, and Fictitious Defendants A through R."*  Defendant PacifiCare was served with

Plaintiffs' Complaint on the 29th day of May, 2007.  This Notice of Removal is

filed within thirty (30) days of receipt of Plaintiffs' Complaint by PacifiCare, and within thirty (30) days of service of the Complaint on any Defendant.

II.

## FACTUAL BACKGROUND AND BASIS FOR REMOVAL

2.    In their Complaint, Plaintiffs seek to recover compensatory and punitive damages against PacifiCare and the insurance broker co-defendant, Robert D. Bell ("Bell"), for their alleged actions to contact Plaintiffs, misrepresent PacifiCare's Secure Horizons Direct "Private Fee For Service" Medicare product ("PFFS Plan"), dis-enroll Plaintiffs from their existing Medicare coverage, redirect Medicare premiums to PacifiCare, and restrict Plaintiffs' Medicare coverage and benefits.  Plaintiffs' Complaint alleges the following causes of action against PacifiCare: (1) intentional, negligent or reckless misrepresentation (fraud);  (Count I), (2) suppression (Count II); (3) negligent, reckless or wanton hiring, training, monitoring and supervision (Count III); (4) conspiracy to defraud (Count IV); (5) unjust enrichment/constructive trust (Count V); (6) negligence and wantonness; (7) breach of fiduciary duties; (8) intentional, wanton, reckless and/or negligent infliction of emotional distress; and (9) violation of the Alabama Deceptive Trade Practices Act.  (*See* Plaintiffs' Complaint, pp. 6-14) (Exh. A hereto).  In addition to damages, Plaintiffs seek to impose a constructive trust on payments and related fees paid by Plaintiffs to PacifiCare.  (*Id.* at ¶ 40).

3.    To the extent that Plaintiffs seek to recover damages from PacifiCare, Plaintiffs necessarily seek such damages as alleged enrollees in a Medicare Part C Medicare Advantage ("MA") plan offered by PacifiCare in the form of its PFFS Plan. Accordingly, this action may be removed to this Court by Defendant PacifiCare pursuant

to 28 U.S.C. § 1441(b), because Plaintiffs' claims for relief arise under the laws of the United States, specifically the Medicare Act, 42 U.S.C. §1395w-21-w28, as amended by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA"). Plaintiffs' state law claims all relate to standards established under the Medicare Act/MMA, and are thus superceded and preempted by the Medicare Act/MMA pursuant to 42 U.S.C. § 1395w-26(b)(3) (2006). This is true for the following separate and independent reasons.

4.    First, Plaintiffs' primary allegation is one of fraud through misrepresentation of the benefits, requirements, terms, and conditions of enrollment in PacifiCare's PFFS Plan. (Plaintiffs' Complaint at ¶¶ 12-16, 18, 19-24, 26-27) (Exh. A hereto). This allegation directly implicates standards set forth under the Medicare Act/MMA for enrollment, including Pacificare's marketing efforts and materials. 42 U.S.C. § 1395w-101(b)(1)(A), (B)(vi) (2006); 42 C.F.R. § 423.50 (2005). Second, Plaintiffs complain that their benefits and coverage were reduced, and medical care was denied to them under the PacifiCare PFFS plan. (Plaintiffs' Complaint at ¶¶ 16-17, 24) (Exh. A hereto). These allegations all relate to the extent or quality of benefits promised or received and claims paid or denied, and, therefore, Plaintiffs in effect complain of benefit or coverage determinations governed by the Medicare Act/MMA. Third, Plaintiffs' allegation of reduced benefits and denial of medical care implicates the grievance and appeals process established under the Medicare Act/MMA. 42 C.F.R. §§ 423.560, 423.566, 423.568, 423.570, 423.580-90, 423.600-04, 423.610, 423.630 (2005). Accordingly, Plaintiffs' state law claims, which all relate to PacifiCare's marketing efforts and/or materials, the extent or quality of benefits or coverage

promised or provided to Plaintiffs, and Medicare-related grievance and appeal procedures, are preempted under the Medicare Act/MMA. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1331. Furthermore, this Court has supplemental or pendant jurisdiction over Plaintiffs' state law claims, if any.[1]

### III.

### FEDERAL QUESTION JURISDICTION

5.      The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question. Specifically, Plaintiffs' claims arise under and are completely preempted by federal law, specifically the Medicare Act/MMA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' state law claims, if any.

### IV.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after receipt by PacifiCare of a copy of the first pleading, motion, order, or other paper from which it could be ascertained that the case is one which is removable.

7.      Pursuant to 28 U.S.C. § 1446(c), PacifiCare has given written notice of filing of this Notice of Removal to Plaintiffs and has filed a copy of this Notice of

---

[1]While Plaintiffs attempt to avoid federal jurisdiction by pleading that no federal claims are asserted (Plaintiffs' Complaint, at unnumbered paragraph following ¶ 18), it is the substance of the claims, not the form, that determine federal jurisdiction.  *See Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) ("Plaintiff may be said to have engaged in 'artful pleading' in particular when he pleads . . . a state cause of action, the merits of which turn on an important federal question."); *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993) (holding that a plaintiff cannot avoid preemption by pleading a purported state claim); *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992) ("A federal court may . . . look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law.").

Removal with the clerk of the Circuit Court of Bullock County, Alabama, as shown in the attached Exhibit "B."

8.    Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders filed with the state court, together with an index of such documents, are attached hereto as Exhibit "C."

9.    Defendant Robert D. Bell ("Bell") consents to this removal, as shown in the Consent to Removal attached as Exhibit "D."

10.    Pursuant to 28 U.S.C. § 1446(a), also attached hereto as part of Exhibit "C" is a copy of the docket sheet in the state court action.

11.    Pursuant to Order of the U.S. District Court, Middle District of Alabama, Civil Misc. No. 3047, attached hereto as Exhibit "E" is a Corporate Disclosure Statement.

12.    Trial has not commenced in the Circuit Court of Bullock County, Alabama.

## V.

## <u>CONCLUSION</u>

13.    Because Plaintiffs' claims, as set out in their Complaint, state a federal question, PacifiCare desires and is entitled to remove said cause from the Circuit Court of Bullock County, Alabama to the United States District Court for the Middle District of Alabama.  PacifiCare also requests any other relief to which it is entitled.

DATED:    June 25th, 2007.

Respectfully submitted,

Philip H. Butler (BUT007)
George B. Harris (HAR138)
William C. McGowin (MCG040)

OF COUNSEL

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701


Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
Kevin Page
Texas State Bar No. 24042971
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Phone: 713-752-4200
Fax: 713-752-4221

ATTORNEYS FOR DEFENDANTS
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY and UNITED
HEALTHCARE SERVICES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Removal has been furnished to all parties and counsel of record as listed below, by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure on June 25ᵗʰ, 2007.

Robert G. Methvin, Jr.
J. Matthew Stephens
Rodney E. Miller
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL  35205

*Attorney for Plaintiffs*

Robert D. Bell
Route 1, Box 995
Shellman, Georgia, 39886

                                 ~~Philip H. Butler~~
                                   William C. McGowin

# Exhibit A



ELECTRONICALLY FILED
5/23/2007 4:13 PM
CV-2007-900017.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

ROY LASSITER, JENNIFER          )
PURIFOY,                        )
                                )
    Plaintiffs,          )
                                )     CASE NO. CV-07-900017
v.                              )
                                )
PACIFICARE LIFE & HEALTH        )
INSURANCE COMPANY, UNITED       )
HEALTHCARE SERVICES, INC.,      )
as successor in interest to Pacificare Life )
& Health Company; ROBERT D. BELL; )

**Fictitious Defendants "A," "B," and "C,"** being the correct legal name of Defendants known only to the Plaintiffs as Pacificare Life & Health Insurance Company, United Healthcare Services, Inc. and Robert D. Bell; **"D," "E," and "F,"** whether singular or plural, being the person, firm, association, corporation, or other entity who made intentional, negligent and/or reckless misrepresentations, and suppressed or concealed the truth from Plaintiffs; **"G," "H,"** and **"I,"** whether singular or plural, being the person, corporation, firm, association, or other entity who negligently or wantonly hired, trained, and supervised its agents who committed the acts or omissions alleged in this complaint; **"J," "K," and "L,"** whether singular or plural, being the person, corporation, firm, association, or other entity who conspired to defraud Plaintiffs, and/or who schemed to defraud Plaintiffs;**"M," "N," and "O,"** whether singular or plural, being the person, corporation, firm, association, or other entity who is the alter-ego or the predecessor or successor in interest to any of the above-named Defendants; **"P," "Q," and "R,"** whether singular or plural, being the person, corporation, firm, association, or other entity who was unjustly enriched or who committed any wrongdoing toward the Plaintiffs giving rise to an action in tort, including but not limited to, negligence, wantonness, and intentional or negligent infliction of emotional distress, and breach of fiduciary duties,

    Defendants.                 )
                                )

## COMPLAINT

    COME NOW the Plaintiffs, ROY LASSITER and JENNNIFER PURIFOY (hereinafter collectively referred to as the "Plaintiffs") and submit this cause of action.

## PARTIES, VENUE & JURISDICTION

1.      Plaintiff ROY LASSITER (hereinafter referred to as "Lassiter") is an adult resident of Bullock County, Alabama, and is over the legal age.

2.      Plaintiff JENNIFER PURIFOY (hereinafter referred to as "Purifoy") is an adult resident of Bullock County, Alabama, and is over the legal age.

3.      Defendant PACIFICARE LIFE & HEALTH INSURANCE COMPANY (hereinafter "Pacificare") is a California corporation that specifically conducts business in Bullock County, Alabama through its employees, general agents, sub-agents, producers, and/or agents with apparent, implied or actual authority and fictitious party defendants. Based on information and belief, Pacificare merged with United Healthcare Services, Inc. on December 20, 2005. In addition to its own individual liability, Pacificare is responsible for the actions or inactions of the agent named herein under the doctrines of respondeat superior, vicarious liability, agency, sub-agency, and/or other doctrines.

4.      Defendant UNITED HEALTHCARE SERVICES, INC. (hereinafter "United Healthcare") is a Minnesota corporation that specifically conducts business in Bullock County, Alabama through its employees, general agents, sub-agents, producers, and/or agents with apparent, implied or actual authority and fictitious party defendants. United Healthcare, based on information and belief, is the successor in interest to Pacificare as result of the merger mentioned above. In addition to its own individual liability, United Healthcare is responsible for the actions or inactions of the agents named herein under the doctrines of respondeat superior, vicarious liability, agency, sub-agency, and/or other doctrines.

5.      For ease of reference, Pacificare and United Healthcare will hereinafter be referred to as "Pacificare" or "Defendants".

6.      Defendant, ROBERT D. BELL, ("Bell"), based upon information and belief, is an adult resident of Albany, GA. At all times relevant to the events and omissions giving rise to this lawsuit, Bell was an agent acting with actual, implied or apparent authority on behalf of and/or within the line and scope of his employment or agency with Pacificare.

7.      Defendants fictitiously described as "A," "B," "C," "D," "E," "F," "G," "H," "I," "J," "K," "L," "M," "N," "O," "P," "Q," and "R" are otherwise unknown to Plaintiffs at this time; or if their identities are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained pursuant to the Alabama Rules or Civil Procedure.

8.      All Defendants named herein acted in an agency capacity with each other and/or conspired with each other to commit the wrongs alleged herein.

9.      The Medicare Advantage Plan at issue in this lawsuit was presented to the Plaintiffs in Bullock County, Alabama, and a substantial part of the acts, omissions or events giving rise to this lawsuit occurred in Bullock County, Alabama.

## FACTS

10.     Up until June of 2005, the Plaintiffs had Medicare parts A and B. They were able to obtain health care services through their regular doctors and medical service providers anywhere in the country that accepted Medicare. The medical expenses were paid for by

3

Medicare. The Plaintiffs had no problems receiving treatment or paying for medical care and prescription medication prior to dealing with Pacificare and its agent, as described below.

11.    In or around May 23, 2005, the Plaintiffs were approached at their home in Union Springs, AL, by Pacificare sales agent, Robert Bell, for the purpose of soliciting their enrollment in the "Secure Horizons" healthcare plan, which is a product offered and administered through Defendant Pacificare (now United Healthcare). The Plaintiffs had not spoken with Mr. Bell prior to his arriving at their home. No appointment had been set up or otherwise scheduled. At this at meeting, Bell solicited the Plaintiffs' enrollment into Secure Horizons, which is a Medicare Advantage Plan for Medicare recipients. More specifically, it is an HMO plan that requires its enrollees to get all of their healthcare from Pacificare's network of doctors and providers. In short, the Secure Horizons plan totally replaces a Medicare recipient's Medicare coverage and benefits. All of the Secure Horizons enrollees are either disabled or elderly. In Bullock County, most of the enrollees are extremely poor and on fixed incomes.

12.    At the time of this meeting, Bell represented himself to be an agent of Pacificare, and the Plaintiffs believed this fact to be true.

13.    During this meeting, Bell touted the benefits of Secure Horizons. Specifically, he focused on the money the Plaintiffs would save in prescription drug costs by joining the plan. Bell, acting as an agent or representative of Pacificare with authority, told the Plaintiffs that they would receive free prescription drugs and healthcare when they saw their doctors. He told the Plaintiffs that Secure Horizons provided extra benefits or extra help for Medicare. Bell said that the Secure Horizons plan was the best available and that Medicare endorsed it.

14.    Additionally, Bell acting as an agent or representative of Pacificare with authority, made the following material representations regarding the Secure Horizons plan:

4

(a)    that the Secure Horizons plan was in addition to Medicare, that is, it was extra Medicare;

(b)    that the Plaintiffs could use both Medicare and the Secure Horizons plan;

(c)    that the Plaintiffs could go to any doctors or healthcare providers they wanted; and

(d)    that the Plaintiffs could still use their Medicare card.

15.    Believing these representations to be true, and trusting the agent, the Plaintiffs enrolled in the Secure Horizons plan.

16.    The Plaintiffs did not know they had been enrolled in an HMO that replaced their Medicare coverage and benefits. Consequently, on numerous occasions between enrollment to the present, the Plaintiffs went to the doctor or hospital. Unfortunately, they were denied medical services and/or incurred medical costs that would have been otherwise covered under their original Medicare plan. Likewise, they have been forced to pay out-of-pocket for prescription drugs and other medical equipment and supplies which would have previously been covered partially or in full by Medicare. In short, because of the deceptive and fraudulent acts of Pacificare and its agent, the Plaintiffs incurred out of pocket damages and expenses that otherwise would have been paid, partially or in full, if they had remained on Original Medicare. The Defendants' fraudulent and otherwise tortious acts caused them to lose their Original Medicare and incur damages for seeking healthcare from providers who would not accept the Secure Horizons plan.

17.    Furthermore, due to the extremely high cost of medical coverage, prescription drugs and medical equipment that faced them under their new Secure Horizons plan, the Plaintiffs occasionally could not go to the doctor, buy prescriptions or get medical supplies when they needed them. This, in turn, has caused them personal injury, physical pain and suffering

5

and extreme emotional distress and has placed them in a life threatening situation and fear of an immediate physical injury.

18.    The Secure Horizons plan that the Plaintiffs were talked into enrolling is a sham product and was sold and presented to them through wrongful, fraudulent and deceptive practices.  Based upon information and belief, Defendants have duped numerous other elderly and poor residents of Bullock County and other counties into enrolling in the Secure Horizons plan through the bait-and-switch schemes described above.  The Defendants have engaged in this pattern and practice of fraudulent activity nationwide and in the State of Alabama.

**PLAINTIFFS MAKE NO CLAIMS PURSUANT TO FEDERAL LAW AND FURTHER MAKE NO CLAIMS THAT WOULD GIVE RISE TO ANY FEDERAL CAUSE OF ACTION. PLAINTIFFS' CLAIMS ARE BASED SOLELY UPON APPLICABLE STATE LAW.  ADDITIONALLY, PLAINTIFFS DO NOT MAKE ANY CLAIM FOR RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, IN EXCESS OF $74,500.00 IN THE AGGREGATE FOR EACH PLAINTIFF.   UNDER NO CIRCUMSTANCES WOULD THE TOTAL AMOUNT OF RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, EXCEED $74,500.00 IN THE AGGREGATE FOR EACH PLAINTIFF.   EVEN IF PLAINTIFFS RECOVERED UNDER EACH COUNT OF THE COMPLAINT, THE TOTAL RECOVERY FOR PLAINTIFFS WOULD NOT EXCEED $74,500 IN THE AGGREGATE FOR EACH PLAINTIFF.**

<u>COUNT I</u>
Intentional, Negligent or Reckless Misrepresentation
(Fraud)

19.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

20.    At the times and places specifically set forth above, Defendant Pacificare, in addition to and by and through its agent, representative and/or employee Bell, along with fictitious defendants, misrepresented, either intentionally, negligently, or recklessly without knowledge, present, material facts to Plaintiffs regarding the nature of the Secure Horizons

healthcare plan in question. These misrepresentations are set out in detail in the "Fact" section above.

21.    These representations were material and false, and were deliberately, negligently or recklessly presented to the Plaintiffs by Defendants in full knowledge of their falsity or with reckless or negligent disregard as to the truth.

22.    Upon information and belief, such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

23.    Plaintiffs did not know the above representations were false, and relied upon the above present, material representations that were prepared by Defendants by enrolling in the plan at issue. Plaintiffs had a right to rely on the above representations by the Defendants.

24.    Damages to Plaintiffs occurred as a direct, proximate consequence of the intentional, negligent, or reckless misrepresentations of present, material facts. Plaintiffs have been caused personal injury, pain and suffering, as well as extreme and severe emotional distress. Plaintiffs have incurred medical expenses that they should not owe. Plaintiffs have also been exposed to bad debt charge offs, threat of civil judgments, damaged and/or slandered credit, and damaged reputation. They have lost their original Medicare plan and payments for Medicare Part B premiums.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

**COUNT II**
**Suppression**

25.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is plead in the alternative.

26.    On or about the times specifically set forth in the "Facts" section above, and all relevant times thereafter, Defendants, while acting within the scope of their employment, agency or authority, concealed and/or withheld the following material facts concerning the Secure Horizons plan solicited and offered through the Defendants:

(a)    that the Plaintiffs had been taken out of their original Medicare plans and coverages;

(b)    that the Secure Horizons plan replaced the Plaintiffs' original Medicare coverages and benefits;

(c)    that the Secure Horizons plan was not extra help for Medicare;

(d)    that the Plaintiffs could not still use their Medicare card;

(e)    that the Plaintiffs could not use any doctor, hospitals or medical provider that they wanted;

(f)    that the Secure Horizons plan was not extra benefits for Medicare;

(g)    that the Secure Horizons plan was not in addition to Medicare, that is, it was not extra Medicare;

(h)    that the Plaintiffs would not receive free prescription drugs and healthcare;

(i)    that the Secure Horizons plan was not the best available and that Medicare did not endorse it;

(j)    that the Plaintiffs could not use both Medicare and the Secure Horizons plan to get healthcare;

(k)    that the Plaintiffs could not still use their Medicare card for healthcare services outside the Pacificare network;

(l)    that the Secure Horizons program would not cover the Plaintiffs' medical expenses if they went to any of their regular doctors or healthcare providers;

8

(m)    that by enrolling in the Secure Horizons plan, the Plaintiffs would be disenrolled from Medicare and/or taken out of Medicare and/or would no longer be eligible for Medicare and/or would not receive the same benefits; and

(n)    that the Secure Horizons program would not cover the Plaintiffs' medical expenses if they went to any of their regular doctors or healthcare providers.

27.    The above concealed and/or withheld material facts were withheld and/or concealed by Defendants despite the fact that Defendants were in a position of vastly superior knowledge to that of Plaintiffs concerning healthcare matters. Defendants had a duty to disclose such facts. If the Plaintiffs had known these material facts, they would not have enrolled in the plan at issue.

28.    Upon information and belief, such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

29.    Plaintiffs suffered damages as a proximate consequence of Defendants' suppression and concealment of present, material facts. Plaintiffs have been damaged as set out in Count I.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT III
### Negligent, Reckless or Wanton Hiring, Training, Monitoring and Supervision

30.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

9

31.    Plaintiffs aver that Defendant Pacificare had a duty to supervise, employ and retain competent, and responsible agents, servants, employees and/or representatives to carry out its business. Plaintiffs aver that Pacificare breached these duties with regard to agent Bell.

32.    Said duty requires ascertaining the qualifications, skills and abilities, including but not limited to, determining and monitoring the representatives' conduct while performing company business to ensure that the company's business is being carried out in a proper manner by its agents, servants, representatives and/or employees.

33.    Defendants, both named and fictitious, negligently and/or wantonly and/or recklessly breached this duty by failing and refusing to train, supervise, employ and retain a competent and responsible agents, servants, employees or representatives. Further, Defendants, both named and fictitious, negligently and/or wantonly breached their duty to promptly investigate, ascertain and determine the skills and conduct of their agents, servants, employees and/or representatives and to determine the ability of such agents, servants, representatives and employees to properly conduct company business. Finally, Defendants both named and fictitious, negligently and/or wantonly and/or recklessly breached their duty to fully and completely train, supervise, monitor or otherwise ensure that their business was being operated in a proper manner by its agents, servants, representatives, and/or employees and that the plan at issue was being properly represented to the Plaintiffs.

34.    As a direct and proximate result of Defendants' combining and concurring negligent and/or wanton acts, Plaintiffs were caused to suffer damages as set out in the above counts.

10

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT IV
### Conspiracy to Defraud

35.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

36.    Defendants, both named and fictitious, conspired to defraud Plaintiffs as set out in the complaint.

37.    Such conspiracy was the proximate cause of damage to Plaintiffs, and Plaintiffs suffered damages as set out in the above counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT V
### Unjust Enrichment/Constructive Trust

38.    Plaintiffs adopt and incorporate by reference the allegations of each and every preceding paragraph contained herein; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

39.    From the circumstances outlined in the Complaint, Defendants have been unjustly enriched by the payments and related fees that it collected in connection with enrolling the Plaintiffs into the Secure Horizons program.

11

40.     Accordingly, this Court should impose a constructive trust on the payments and related fees that Defendants wrongfully and improperly obtained and retained as a result of the Plaintiffs' enrollment in the healthcare plan at issue.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

**COUNT VI**
**Negligence and Wantonness**

41.     Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

42.     The circumstances described above amount to Negligence or Wantonness on the part of the Defendants.  The Defendants, both individually and jointly, breached their duty of care owed to the Plaintiffs and/or acted recklessly and with conscious disregard for the rights of the Plaintiffs and other enrollees.  Such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

43.     Such conduct includes, but is not limited to, enrolling the Plaintiffs in the Secure Horizons plan and/or replacing their original Medicare plan against their best interests and putting them in a worse situation as described and set out above; failure to adequately train agents; and failure to adequately represent the plan.

44.     Such Negligence or Wantonness was the proximate cause of damage to Plaintiffs, and Plaintiffs suffered personal injury in addition to the damages set out in the above counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT VII
### Breach of Fiduciary Duties

45.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

46.    The Defendants owed a fiduciary duty to the Plaintiffs. The Defendants breached their duty by engaging in the wrongful acts as set out above. Said breach was the proximate cause of damages to the Plaintiffs, and Plaintiffs suffered damages as set forth above.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT VIII
### Intentional, Wanton, Reckless and/or Negligent Infliction of Emotional Distress

47.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

48.    From the circumstances outlined in the Complaint, the Plaintiffs were placed in the zone of danger of an imminent physical impact and reasonably feared for their safety and health. As a consequence, Plaintiffs suffered severe emotional distress, and have been damaged as set out in the above Counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT IX
### (Violation of the Alabama Deceptive Practices Act)

49.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

50.    From the conduct described above, the Defendants are liable to the Plaintiffs for violation of Section 8-19-1, *et. seq.*, of the Alabama Code, and the Plaintiffs have been damaged as set out in the above counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON EACH COUNT.**

s/ J. Matthew Stephens
Robert G. Methvin, Jr.  (MET009)
J. Matthew Stephens (STE153)
Rodney E. Miller (MIL126)
Attorneys for Plaintiffs

OF COUNSEL:

MCCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:    (205) 939-0199
Facsimile:    (205) 939-0399

<u>s/ L. Cooper Rutland</u>
L. Cooper Rutland, Jr. (RUT010)
Attorneys for Plaintiffs

**OF COUNSEL:**

**RUTLAND & BRASWELL, LLC**
208 N. Prairie St.
Union Springs, AL 36089

**Please serve Defendants by certified mail at:**

PACIFICARE LIFE & HEALTH INSURANCE COMPANY
C/O Agent for Service of Process
CT Corporation
2000 Interstate Park
Suite 204
Montgomery, AL 36109

UNITED HEALTHCARE SERVICES, INC.
C/O Agent for Service of Process
The Corporation Company
2000 Interstate Park
Suite 204
Montgomery, AL 36109

ROBERT D. BELL
508 N. Cleveland St.
Albany, GA 31701

15



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Pacificare Life and Health Ins.
2000 Interatate Park
Ste. 204
Montgomery, AL.  36109

# Exhibit B

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| ROY LASSITER, JENNIFER PURIFOY, | §<br>§<br>§ | |
| Plaintiffs | §<br>§ | |
| v. | §<br>§ | Case No. CV-07-900017 |
| PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., as successor in interest to Pacificare Life & Health Company; ROBERT D. BELL and Fictitious Defendants "A" through "R" | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants | § | |

### NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Please take notice that Defendants PacifiCare Life and Health Insurance Company and United Healthcare Services, Inc. have on this date filed a Notice of Removal of this civil action to the United States District Court for the Middle District of Alabama in the above-styled and numbered cause, which was until now pending in the Circuit Court of Bullock County, Alabama, thereby removing this case to the United States District Court for the Middle District of Alabama. A true and correct copy of said Notice of Removal is attached hereto as Exhibit "A."

4786240v.1

DATED:      June 25ᵗʰ, 2007.

Respectfully submitted,

Philip H. Butler (BUT007)
George B. Harris (HAR138)
William C. McGowin (MCG040)

OF COUNSEL

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701


Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
Kevin M. Page
Texas State Bar No. 24042971
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Phone: 713-752-4200
Fax: 713-752-4221

ATTORNEYS FOR DEFENDANTS
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY and UNITED
HEALTHCARE SERVICES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Filing of Notice of Removal has been furnished to all parties and counsel of record as listed below, by certified mail, return receipt requested, in accordance with the Alabama Rules of Civil Procedure on June 25, 2007.

Robert G. Methvin, Jr.
J. Matthew Stephens
Rodney E. Miller
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL  35205

*Attorney for Plaintiffs*

Robert D. Bell
Route 1, Box 995
Shellman, Georgia, 39886

W. C. L

~~Phillip H. Butler~~
William C. McGowin

NOTICE OF FILING NOTICE OF REMOVAL – **Page** 3

# Exhibit C

09-CV-2007-900017.00

County: **09 - BULLOCK**                    Case Number:    **09-CV-2007-900017.00**
Name: **ROY A LASSITER ET AL V. PACIFICARE LIFE AND HEALTH INSURANE COMPANY ET**
Charge: **BAD FAITH/FRAUD/MISR**

## Case

## Settings

## Parties

## Consolidated Case Action Summary

### Consolidated Case Action Summary TC  09CV200790001700

| Date | Time | Code | Comments | Operator |
|------|------|------|----------|----------|
| 05/23/2007 | 16:13:47 | EFILE | COMPLAINT E-FILED. | STE153 |
| 05/23/2007 | 16:13:47 | ETXT | COMPLAINT E-FILED. | AJA |
| 05/23/2007 | 16:19:13 | FILE | FILED THIS DATE: 05/23/2007 (AV01) | AJA |
| 05/23/2007 | 16:19:14 | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 05/23/2007 | 16:19:15 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 05/23/2007 | 16:19:16 | ASSJ | ASSIGNED TO JUDGE: HON. BURT SMITHART (AV01) | AJA |
| 05/23/2007 | 16:19:17 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 05/23/2007 | 16:19:18 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 05/23/2007 | 16:19:20 | PART | LASSITER ROY A ADDED AS C001 (AV02) | AJA |
| 05/23/2007 | 16:19:21 | ATTY | LISTED AS ATTORNEY FOR C001: STEPHENS JAMES MATTH | AJA |
| 05/23/2007 | 16:19:27 | PART | PURIFOY JENNIFER ADDED AS C002 (AV02) | AJA |
| 05/23/2007 | 16:19:28 | ATTY | LISTED AS ATTORNEY FOR C002: STEPHENS JAMES MATTH | AJA |
| 05/23/2007 | 16:19:33 | PART | PACIFICARE LIFE AND HEALTH INSURANE COMPANY ADDED | AJA |
| 05/23/2007 | 16:19:34 | SUMM | CERTIFIED MAI ISSUED: 05/23/2007 TO D001 (AV02) | AJA |
| 05/23/2007 | 16:19:35 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 05/23/2007 | 16:19:40 | PART | UNITED HEALTHCARE SERVICES, INC. ADDED AS D002 (AV02) | AJA |
| 05/23/2007 | 16:19:41 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 05/23/2007 | 16:19:42 | SUMM | CERTIFIED MAI ISSUED: 05/23/2007 TO D002 (AV02) | AJA |
| 05/23/2007 | 16:19:46 | PART | BELL ROBERT D ADDED AS D003 (AV02) | AJA |
| 05/23/2007 | 16:19:47 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE (AV02) | AJA |
| 05/23/2007 | 16:19:48 | SUMM | CERTIFIED MAI ISSUED: 05/23/2007 TO D003 (AV02) | AJA |
| 05/23/2007 | 20:36:01 | ETXT | COMPLAINT - SUMMONS | AJA |
| 05/30/2007 | 09:11:00 | SERC | SERVICE OF AUTHORIZED ON 05/29/2007 FOR D001(AV02) | RAF |
| 05/30/2007 | 09:11:16 | SERC | SERVICE OF AUTHORIZED ON 05/29/2007 FOR D002(AV02) | RAF |
| 06/11/2007 | 09:26:21 | RETU | RETURN OF UNDELIVERABLE ON 06/11/2007 FOR D003 | |

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**09-CV-200**<br>Date of Filing:<br>05/23/2007 |  |
|---|---|---|---|

ELECTRONICALLY FILED
5/23/2007 4:13 PM
CV-2007-900017.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF BULLOCK COUNTY, ALABAMA
### ROY A LASSITER ET AL v. PACIFICARE LIFE AND HEALTH INSURANE COMPANY ET AL

| First Plaintiff: | ☐ Business   ☑ Individual | First Defendant: | ☑ Business   ☐ Individual |
|---|---|---|---|
|  | ☐ Government   ☐ Other |  | ☐ Government   ☐ Other |

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

| ORIGIN:   F ☑ INITIAL FILING | A ☐ APPEAL FROM<br>DISTRICT COURT | O ☐ OTHER |
|---|---|---|
| R ☐ REMANDED | T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT |  |

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

| ATTORNEY CODE:   STE153 | 5/23/2007 4:06:36 PM | /s J STEPHENS |
|---|---|---|

**MEDIATION REQUESTED:**   ☐ Yes   ☑ No   ☐ Undecided



ELECTRONICALLY FILED
5/25/2007 4:15 PM
CV-2007-900017.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
W. ELBERT LERNIGAN, CLERK

### IN THE CIRCUIT COURT OF
### BULLOCK COUNTY, ALABAMA

ROY LASSITER, JENNIFER    )
PURIFOY,    )
   )
     Plaintiffs,    )
   )   CASE NO._____
v.    )
   )
PACIFICARE LIFE & HEALTH    )
INSURANCE COMPANY, UNITED    )
HEALTHCARE SERVICES, INC.,    )
as successor in interest to Pacificare Life    )
& Health Company; ROBERT D. BELL,
et al

Defendants.

### SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant:

**PLAINTIFFS HEREBY REQUEST SERVICE BY CERTIFIED MAIL**

PACIFICARE LIFE & HEALTH INSURANCE COMPANY
C/O Agent for Service of Process
CT Corporation
2000 Interstate Park
Suite 204
Montgomery, AL 36109

### NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to J. Matthew Stephens, attorney for  Plaintiff, whose address is 2201 Arlington Avenue South, Birmingham, Alabama 35205. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated_____             _____
                                    Clerk of Court



**IN THE CIRCUIT COURT OF**
**BULLOCK COUNTY, ALABAMA**

| | | |
|---|---|---|
| **ROY LASSITER, JENNIFER PURIFOY,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. _____ |
| **v.** | ) | |
| | ) | |
| **PACIFICARE LIFE & HEALTH** | ) | |
| **INSURANCE COMPANY, UNITED** | ) | |
| **HEALTHCARE SERVICES, INC.,** | ) | |
| as successor in interest to Pacificare Life | ) | |
| & Health Company; **ROBERT D. BELL,** | | |
| **et al** | | |

Defendants.

**SUMMONS**

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant:

**PLAINTIFFS HEREBY REQUEST SERVICE BY CERTIFIED MAIL**

ROBERT D.  BELL
508 North Cleveland Street
Albany, GA 31701

**NOTICE TO DEFENDANT**

The complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to J. Matthew Stephens, attorney for  Plaintiff, whose address is 2201 Arlington Avenue South, Birmingham, Alabama 35205. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated_____                                        _____
                                                                    Clerk of Court



ELECTRONICALLY FILED
5/28/2007 4:13 PM
CV-2007-900017.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

**IN THE CIRCUIT COURT OF**
**BULLOCK COUNTY, ALABAMA**

| | |
|---|---|
| **ROY LASSITER, JENNIFER** ) <br> **PURIFOY,** ) <br> ) <br>     Plaintiffs, ) <br> ) <br> **v.** ) <br> ) <br> **PACIFICARE LIFE & HEALTH** ) <br> **INSURANCE COMPANY, UNITED** ) <br> **HEALTHCARE SERVICES, INC.,** ) <br> as successor in interest to Pacificare Life ) <br> & Health Company; **ROBERT D. BELL,** <br> **et al** | CASE NO._____ |

Defendants.

### SUMMONS

    To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant:

**PLAINTIFFS HEREBY REQUEST SERVICE BY CERTIFIED MAIL**

UNITED HEALTHCARE SERVICES, INC.
C/O Agent for Service of Process
The Corporation Company
2000 Interstate Park
Suite 204
Montgomery, AL 36109

### NOTICE TO DEFENDANT

    The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to J. Matthew Stephens, attorney for Plaintiff, whose address is 2201 Arlington Avenue South, Birmingham, Alabama 35205. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated_____

_____
Clerk of Court



ELECTRONICALLY FILED
5/23/2007 4:13 PM
CV-2007-900017.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

**IN THE CIRCUIT COURT OF**
**BULLOCK COUNTY, ALABAMA**

ROY LASSITER, JENNIFER )
PURIFOY, )
     )
    Plaintiffs, )
     ) CASE NO._____
v. )
     )
**PACIFICARE LIFE & HEALTH** )
**INSURANCE COMPANY, UNITED** )
**HEALTHCARE SERVICES, INC.,** )
as successor in interest to Pacificare Life )
& Health Company; **ROBERT D. BELL;** )

**Fictitious Defendants "A," "B,"** and **"C,"** being the correct legal name of Defendants known only to the Plaintiffs as Pacificare Life & Health Insurance Company, United Healthcare Services, Inc. and Robert D. Bell; **"D," "E,"** and **"F,"** whether singular or plural, being the person, firm, association, corporation, or other entity who made intentional, negligent and/or reckless misrepresentations, and suppressed or concealed the truth from Plaintiffs; **"G," "H,"** and **"I,"** whether singular or plural, being the person, corporation, firm, association, or other entity who negligently or wantonly hired, trained, and supervised its agents who committed the acts or omissions alleged in this complaint; **"J," "K,"** and **"L,"** whether singular or plural, being the person, corporation, firm, association, or other entity who conspired to defraud Plaintiffs, and/or who schemed to defraud Plaintiffs; **"M," "N,"** and **"O,"** whether singular or plural, being the person, corporation, firm, association, or other entity who is the alter-ego or the predecessor or successor in interest to any of the above-named Defendants; **"P," "Q,"** and **"R,"** whether singular or plural, being the person, corporation, firm, association, or other entity who was unjustly enriched or who committed any wrongdoing toward the Plaintiffs giving rise to an action in tort, including but not limited to, negligence, wantonness, and intentional or negligent infliction of emotional distress, and breach of fiduciary duties,

     )
    Defendants. )

## COMPLAINT

    COME NOW the Plaintiffs, ROY LASSITER and JENNNIFER PURIFOY (hereinafter collectively referred to as the "Plaintiffs") and submit this cause of action.

1

## PARTIES, VENUE & JURISDICTION

1.     Plaintiff ROY LASSITER (hereinafter referred to as "Lassiter") is an adult resident of Bullock County, Alabama, and is over the legal age.

2.     Plaintiff JENNIFER PURIFOY (hereinafter referred to as "Purifoy") is an adult resident of Bullock County, Alabama, and is over the legal age.

3.     Defendant PACIFICARE LIFE & HEALTH INSURANCE COMPANY (hereinafter "Pacificare") is a California corporation that specifically conducts business in Bullock County, Alabama through its employees, general agents, sub-agents, producers, and/or agents with apparent, implied or actual authority and fictitious party defendants.  Based on information and belief, Pacificare merged with United Healthcare Services, Inc. on December 20, 2005.  In addition to its own individual liability, Pacificare is responsible for the actions or inactions of the agent named herein under the doctrines of respondeat superior, vicarious liability, agency, sub-agency, and/or other doctrines.

4.     Defendant UNITED HEALTHCARE SERVICES, INC. (hereinafter "United Healthcare") is a Minnesota corporation that specifically conducts business in Bullock County, Alabama through its employees, general agents, sub-agents, producers, and/or agents with apparent, implied or actual authority and fictitious party defendants.  United Healthcare, based on information and belief, is the successor in interest to Pacificare as result of the merger mentioned above.  In addition to its own individual liability, United Healthcare is responsible for the actions or inactions of the agents named herein under the doctrines of respondeat superior, vicarious liability, agency, sub-agency, and/or other doctrines.

2

5.    For ease of reference, Pacificare and United Healthcare will hereinafter be referred to as "Pacificare" or "Defendants".

6.    Defendant, ROBERT D. BELL, ("Bell"), based upon information and belief, is an adult resident of Albany, GA.  At all times relevant to the events and omissions giving rise to this lawsuit, Bell was an agent acting with actual, implied or apparent authority on behalf of and/or within the line and scope of his employment or agency with Pacificare.

7.    Defendants fictitiously described as "A," "B," "C,"  "D," "E," "F," "G," "H," "I," "J," "K," "L," "M," "N," "O," "P," "Q," and "R" are otherwise unknown to Plaintiffs at this time; or if their identities are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained pursuant to the Alabama Rules or Civil Procedure.

8.    All Defendants named herein acted in an agency capacity with each other and/or conspired with each other to commit the wrongs alleged herein.

9.    The Medicare Advantage Plan at issue in this lawsuit was presented to the Plaintiffs in Bullock County, Alabama, and a substantial part of the acts, omissions or events giving rise to this lawsuit occurred in Bullock County, Alabama.

## FACTS

10.    Up until June of 2005, the Plaintiffs had Medicare parts A and B.  They were able to obtain health care services through their regular doctors and medical service providers anywhere in the country that accepted Medicare.  The medical expenses were paid for by

3

Medicare. The Plaintiffs had no problems receiving treatment or paying for medical care and prescription medication prior to dealing with Pacificare and its agent, as described below.

11.    In or around May 23, 2005, the Plaintiffs were approached at their home in Union Springs, AL, by Pacificare sales agent, Robert Bell, for the purpose of soliciting their enrollment in the "Secure Horizons" healthcare plan, which is a product offered and administered through Defendant Pacificare (now United Healthcare). The Plaintiffs had not spoken with Mr. Bell prior to his arriving at their home. No appointment had been set up or otherwise scheduled. At this at meeting, Bell solicited the Plaintiffs' enrollment into Secure Horizons, which is a Medicare Advantage Plan for Medicare recipients. More specifically, it is an HMO plan that requires its enrollees to get all of their healthcare from Pacificare's network of doctors and providers. In short, the Secure Horizons plan totally replaces a Medicare recipient's Medicare coverage and benefits. All of the Secure Horizons enrollees are either disabled or elderly. In Bullock County, most of the enrollees are extremely poor and on fixed incomes.

12.    At the time of this meeting, Bell represented himself to be an agent of Pacificare, and the Plaintiffs believed this fact to be true.

13.    During this meeting, Bell touted the benefits of Secure Horizons. Specifically, he focused on the money the Plaintiffs would save in prescription drug costs by joining the plan. Bell, acting as an agent or representative of Pacificare with authority, told the Plaintiffs that they would receive free prescription drugs and healthcare when they saw their doctors. He told the Plaintiffs that Secure Horizons provided extra benefits or extra help for Medicare. Bell said that the Secure Horizons plan was the best available and that Medicare endorsed it.

14.    Additionally, Bell acting as an agent or representative of Pacificare with authority, made the following material representations regarding the Secure Horizons plan:

4

(a)    that the Secure Horizons plan was in addition to Medicare, that is, it was extra Medicare;

(b)    that the Plaintiffs could use both Medicare and the Secure Horizons plan;

(c)    that the Plaintiffs could go to any doctors or healthcare providers they wanted; and

(d)    that the Plaintiffs could still use their Medicare card.

15.    Believing these representations to be true, and trusting the agent, the Plaintiffs enrolled in the Secure Horizons plan.

16.    The Plaintiffs did not know they had been enrolled in an HMO that replaced their Medicare coverage and benefits.  Consequently, on numerous occasions between enrollment to the present, the Plaintiffs went to the doctor or hospital.  Unfortunately, they were denied medical services and/or incurred medical costs that would have been otherwise covered under their original Medicare plan.  Likewise, they have been forced to pay out-of-pocket for prescription drugs and other medical equipment and supplies which would have previously been covered partially or in full by Medicare.  In short, because of the deceptive and fraudulent acts of Pacificare and its agent, the Plaintiffs incurred out of pocket damages and expenses that otherwise would have been paid, partially or in full, if they had remained on Original Medicare.  The Defendants' fraudulent and otherwise tortious acts caused them to lose their Original Medicare and incur damages for seeking healthcare from providers who would not accept the Secure Horizons plan.

17.    Furthermore, due to the extremely high cost of medical coverage, prescription drugs and medical equipment that faced them under their new Secure Horizons plan, the Plaintiffs occasionally could not go to the doctor, buy prescriptions or get medical supplies when they needed them.  This, in turn, has caused them personal injury, physical pain and suffering

5

and extreme emotional distress and has placed them in a life threatening situation and fear of an immediate physical injury.

18.     The Secure Horizons plan that the Plaintiffs were talked into enrolling is a sham product and was sold and presented to them through wrongful, fraudulent and deceptive practices. Based upon information and belief, Defendants have duped numerous other elderly and poor residents of Bullock County and other counties into enrolling in the Secure Horizons plan through the bait-and-switch schemes described above. The Defendants have engaged in this pattern and practice of fraudulent activity nationwide and in the State of Alabama.

**PLAINTIFFS MAKE NO CLAIMS PURSUANT TO FEDERAL LAW AND FURTHER MAKE NO CLAIMS THAT WOULD GIVE RISE TO ANY FEDERAL CAUSE OF ACTION. PLAINTIFFS' CLAIMS ARE BASED SOLELY UPON APPLICABLE STATE LAW. ADDITIONALLY, PLAINTIFFS DO NOT MAKE ANY CLAIM FOR RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, IN EXCESS OF $74,500.00 IN THE AGGREGATE FOR EACH PLAINTIFF. UNDER NO CIRCUMSTANCES WOULD THE TOTAL AMOUNT OF RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, EXCEED $74,500.00 IN THE AGGREGATE FOR EACH PLAINTIFF. EVEN IF PLAINTIFFS RECOVERED UNDER EACH COUNT OF THE COMPLAINT, THE TOTAL RECOVERY FOR PLAINTIFFS WOULD NOT EXCEED $74,500 IN THE AGGREGATE FOR EACH PLAINTIFF.**

**COUNT I**
**Intentional, Negligent or Reckless Misrepresentation**
**(Fraud)**

19.     Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

20.     At the times and places specifically set forth above, Defendant Pacificare, in addition to and by and through its agent, representative and/or employee Bell, along with fictitious defendants, misrepresented, either intentionally, negligently, or recklessly without knowledge, present, material facts to Plaintiffs regarding the nature of the Secure Horizons

6

healthcare plan in question. These misrepresentations are set out in detail in the "Fact" section above.

21.    These representations were material and false, and were deliberately, negligently or recklessly presented to the Plaintiffs by Defendants in full knowledge of their falsity or with reckless or negligent disregard as to the truth.

22.    Upon information and belief, such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

23.    Plaintiffs did not know the above representations were false, and relied upon the above present, material representations that were prepared by Defendants by enrolling in the plan at issue. Plaintiffs had a right to rely on the above representations by the Defendants.

24.    Damages to Plaintiffs occurred as a direct, proximate consequence of the intentional, negligent, or reckless misrepresentations of present, material facts. Plaintiffs have been caused personal injury, pain and suffering, as well as extreme and severe emotional distress. Plaintiffs have incurred medical expenses that they should not owe. Plaintiffs have also been exposed to bad debt charge offs, threat of civil judgments, damaged and/or slandered credit, and damaged reputation. They have lost their original Medicare plan and payments for Medicare Part B premiums.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

7

**COUNT II**
**Suppression**

25.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is plead in the alternative.

26.    On or about the times specifically set forth in the "Facts" section above, and all relevant times thereafter, Defendants, while acting within the scope of their employment, agency or authority, concealed and/or withheld the following material facts concerning the Secure Horizons plan solicited and offered through the Defendants:

(a)    that the Plaintiffs had been taken out of their original Medicare plans and coverages;

(b)    that the Secure Horizons plan replaced the Plaintiffs' original Medicare coverages and benefits;

(c)    that the Secure Horizons plan was not extra help for Medicare;

(d)    that the Plaintiffs could not still use their Medicare card;

(e)    that the Plaintiffs could not use any doctor, hospitals or medical provider that they wanted;

(f)    that the Secure Horizons plan was not extra benefits for Medicare;

(g)    that the Secure Horizons plan was not in addition to Medicare, that is, it was not extra Medicare;

(h)    that the Plaintiffs would not receive free prescription drugs and healthcare;

(i)    that the Secure Horizons plan was not the best available and that Medicare did not endorse it;

(j)    that the Plaintiffs could not use both Medicare and the Secure Horizons plan to get healthcare;

(k)    that the Plaintiffs could not still use their Medicare card for healthcare services outside the Pacificare network;

(l)    that the Secure Horizons program would not cover the Plaintiffs' medical expenses if they went to any of their regular doctors or healthcare providers;

8

(m)   that by enrolling in the Secure Horizons plan, the Plaintiffs would be disenrolled from Medicare and/or taken out of Medicare and/or would no longer be eligible for Medicare and/or would not receive the same benefits; and

(n)   that the Secure Horizons program would not cover the Plaintiffs' medical expenses if they went to any of their regular doctors or healthcare providers.

27.   The above concealed and/or withheld material facts were withheld and/or concealed by Defendants despite the fact that Defendants were in a position of vastly superior knowledge to that of Plaintiffs concerning healthcare matters. Defendants had a duty to disclose such facts. If the Plaintiffs had known these material facts, they would not have enrolled in the plan at issue.

28.   Upon information and belief, such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

29.   Plaintiffs suffered damages as a proximate consequence of Defendants' suppression and concealment of present, material facts. Plaintiffs have been damaged as set out in Count I.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

### COUNT III
**Negligent, Reckless or Wanton Hiring,
Training, Monitoring and Supervision**

30.   Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

9

31.     Plaintiffs aver that Defendant Pacificare had a duty to supervise, employ and retain competent, and responsible agents, servants, employees and/or representatives to carry out its business. Plaintiffs aver that Pacificare breached these duties with regard to agent Bell.

32.     Said duty requires ascertaining the qualifications, skills and abilities, including but not limited to, determining and monitoring the representatives' conduct while performing company business to ensure that the company's business is being carried out in a proper manner by its agents, servants, representatives and/or employees.

33.     Defendants, both named and fictitious, negligently and/or wantonly and/or recklessly breached this duty by failing and refusing to train, supervise, employ and retain a competent and responsible agents, servants, employees or representatives. Further, Defendants, both named and fictitious, negligently and/or wantonly breached their duty to promptly investigate, ascertain and determine the skills and conduct of their agents, servants, employees and/or representatives and to determine the ability of such agents, servants, representatives and employees to properly conduct company business. Finally, Defendants both named and fictitious, negligently and/or wantonly and/or recklessly breached their duty to fully and completely train, supervise, monitor or otherwise ensure that their business was being operated in a proper manner by its agents, servants, representatives, and/or employees and that the plan at issue was being properly represented to the Plaintiffs.

34.     As a direct and proximate result of Defendants' combining and concurring negligent and/or wanton acts, Plaintiffs were caused to suffer damages as set out in the above counts.

10

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT IV
### Conspiracy to Defraud

35.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

36.    Defendants, both named and fictitious, conspired to defraud Plaintiffs as set out in the complaint.

37.    Such conspiracy was the proximate cause of damage to Plaintiffs, and Plaintiffs suffered damages as set out in the above counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT V
### Unjust Enrichment/Constructive Trust

38.    Plaintiffs adopt and incorporate by reference the allegations of each and every preceding paragraph contained herein; and to the extent this claim contradicts any other legal claim, it is pleaded in the alternative.

39.    From the circumstances outlined in the Complaint, Defendants have been unjustly enriched by the payments and related fees that it collected in connection with enrolling the Plaintiffs into the Secure Horizons program.

11

40.    Accordingly, this Court should impose a constructive trust on the payments and related fees that Defendants wrongfully and improperly obtained and retained as a result of the Plaintiffs' enrollment in the healthcare plan at issue.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

<u>COUNT VI</u>
**Negligence and Wantonness**

41.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

42.    The circumstances described above amount to Negligence or Wantonness on the part of the Defendants.  The Defendants, both individually and jointly, breached their duty of care owed to the Plaintiffs and/or acted recklessly and with conscious disregard for the rights of the Plaintiffs and other enrollees.  Such conduct by these Defendants is a part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

43.    Such conduct includes, but is not limited to, enrolling the Plaintiffs in the Secure Horizons plan and/or replacing their original Medicare plan against their best interests and putting them in a worse situation as described and set out above; failure to adequately train agents; and failure to adequately represent the plan.

44.    Such Negligence or Wantonness was the proximate cause of damage to Plaintiffs, and Plaintiffs suffered personal injury in addition to the damages set out in the above counts.

12

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT VII
### Breach of Fiduciary Duties

45.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

46.    The Defendants owed a fiduciary duty to the Plaintiffs.  The Defendants breached their duty by engaging in the wrongful acts as set out above.  Said breach was the proximate cause of damages to the Plaintiffs, and Plaintiffs suffered damages as set forth above.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT VIII
### Intentional, Wanton, Reckless and/or Negligent Infliction of Emotional Distress

47.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

48.    From the circumstances outlined in the Complaint, the Plaintiffs were placed in the zone of danger of an imminent physical impact and reasonably feared for their safety and health.  As a consequence, Plaintiffs suffered severe emotional distress, and have been damaged as set out in the above Counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

## COUNT IX
### (Violation of the Alabama Deceptive Practices Act)

49.    Plaintiffs adopt and incorporate by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

50.    From the conduct described above, the Defendants are liable to the Plaintiffs for violation of Section 8-19-1, *et. seq.*, of the Alabama Code, and the Plaintiffs have been damaged as set out in the above counts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitious, separately and severally, for compensatory and punitive damages, in an amount that does not exceed $74,500.00 in the aggregate for each Plaintiff.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON EACH COUNT.**

s/ J. Matthew Stephens
Robert G. Methvin, Jr. (MET009)
J. Matthew Stephens (STE153)
Rodney E. Miller (MIL126)
Attorneys for Plaintiffs

**OF COUNSEL:**

McCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:    (205) 939-0199
Facsimile:    (205) 939-0399

14

s/ L. Cooper Rutland
L. Cooper Rutland, Jr.  (RUT010)
Attorneys for Plaintiffs

**OF COUNSEL:**

**RUTLAND & BRASWELL, LLC**
208 N. Prairie St.
Union Springs, AL 36089

**Please serve Defendants by certified mail at:**

PACIFICARE LIFE & HEALTH INSURANCE COMPANY
C/O Agent for Service of Process
CT Corporation
2000 Interstate Park
Suite 204
Montgomery, AL 36109

UNITED HEALTHCARE SERVICES, INC.
C/O Agent for Service of Process
The Corporation Company
2000 Interstate Park
Suite 204
Montgomery, AL 36109

ROBERT D. BELL
508 N. Cleveland St.
Albany, GA 31701

15

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>09-CV-2007-900017.00 |
|---|---|---|

### IN THE CIVIL COURT OF BULLOCK, ALABAMA
### ROY A LASSITER v. PACIFICARE LIFE AND HEALTH INSURANE COMPANY

**NOTICE TO**  PACIFICARE LIFE AND HEALTH INSURANE COMPANY, 2000 INTERSTATE PARK SUITE 204,

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J STEPHENS

WHOSE ADDRESS IS 2201 ARLINGTON AVENUE SOUTH, BIRIMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ROY A LASSITER
   pursuant to the Alabama Rules of the Civil Procedure

| 5/23/2007 4:13:47 PM | /s WILBERT JERNIGAN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s J STEPHENS
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>09-CV-2007-900017.00 |
|---|---|---|

### IN THE CIVIL COURT OF BULLOCK, ALABAMA
### ROY A LASSITER v. PACIFICARE LIFE AND HEALTH INSURANE COMPANY

NOTICE TO    UNITED HEALTHCARE SERVICES, INC., THE CORPORATION COMPANY 2000 INTERSTATE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J STEPHENS

WHOSE ADDRESS IS 2201 ARLINGTON AVENUE SOUTH, BIRIMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ROY A LASSITER
   pursuant to the Alabama Rules of the Civil Procedure

| 5/23/2007 4:13:47 PM | /s WILBERT JERNIGAN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s J STEPHENS
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____     _____
Date                        Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>09-CV-2007-900017.00 |
|---|---|---|

### IN THE CIVIL COURT OF BULLOCK, ALABAMA
### ROY A LASSITER v. PACIFICARE LIFE AND HEALTH INSURANE COMPANY

**NOTICE TO**  ROBERT D BELL, 508 NORTH CLEVELAND STREET, ALBANY GA, 31701

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J STEPHENS

WHOSE ADDRESS IS 2201 ARLINGTON AVENUE SOUTH, BIRIMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  ROY A LASSITER
   pursuant to the Alabama Rules of the Civil Procedure

| 5/23/2007 4:13:47 PM | /s WILBERT JERNIGAN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s J STEPHENS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____

Date          Server's Signature