UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROY LASSITER, JENNIFER PURIFOY,<br><br>  Plaintiffs<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., as successor in interest to PacifiCare Life & Health Company; ROBERT D. BELL and Fictitious Defendants "A" through "R"<br><br>  Defendants | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2:07-CV-00583 |

**PACIFICARE LIFE AND HEALTH INSURANCE COMPANY
AND UNITED HEALTHCARE SERVICES, INC.'S
ORIGINAL ANSWER, DEFENSES AND CROSS-CLAIMS,
<u>SUBJECT TO DEFENDANTS' MOTION TO STAY OR ABATE PROCEEDINGS AND
COMPEL ARBITRATION</u>**

TO THE HONORABLE COURT:

COME NOW PacifiCare Life and Health Insurance Company and United HealthCare Services, Inc., (collectively "PacifiCare"), and file this their Original Answer, Defenses and Cross-Claims, Subject to Defendants' Motion to Stay or Abate Proceedings and Compel Arbitration, to the Plaintiffs' Original Complaint, with numbering corresponding to that found in Plaintiffs' Original Complaint:

**I.**

1.    PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. PacifiCare admits that its principal place of business is located in California. PacifiCare admits that it conducts business in Bullock County, Alabama. PacifiCare denies the remaining allegations contained in this paragraph.

4. PacifiCare admits that United HealthCare Services, Inc.'s principal place of business is located in Minnesota. PacifiCare admits that United HealthCare Services, Inc. conducts business in Bullock County, Alabama. PacifiCare denies the remaining allegations contained in this paragraph.

5. The statements contained in this paragraph do not require a response.

6. On information and belief, PacifiCare denies that Defendant Robert D. Bell ("Bell") is an adult resident of Albany, Georgia. PacifiCare further denies that Defendant Robert D. Bell was an agent acting with actual, implied, or apparent authority on behalf of PacifiCare pertaining to the alleged misconduct.

7. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8. PacifiCare denies the allegations in this paragraph as they pertain to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. PacifiCare admits that SecureHorizons is a Private Fee-For-Service product offered through PacifiCare. PacifiCare is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. PacifiCare denies that Bell acted as an agent of PacifiCare in making the representations alleged. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15. PacifiCare admits that Plaintiff Lassiter was enrolled in the SecureHorizons plan. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16. PacifiCare denies that it engaged in deceptive, fraudulent, or otherwise tortious acts resulting in damages to the Plaintiffs. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. PacifiCare denies that its SecureHorizons plan was a sham product. PacifiCare denies that it has duped numerous other elderly and poor residents of Bullock County and other counties into enrolling in the SecureHorizons plan through bait-and-switch schemes. PacifiCare denies that it engaged in a pattern and practice of fraudulent activity nationwide and in the state of Alabama. PacifiCare is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

The bolded, capitalized text following paragraph 18 offers legal conclusions that do not require a response.

## COUNT I

### Fraud

19. PacifiCare restates and incorporates its responses to Paragraphs 1 through 18 as though fully copied herein.

20. PacifiCare denies that it misrepresented, either intentionally, negligently, or recklessly without knowledge, present, material facts to Plaintiffs regarding the nature of the SecureHorizons plan. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21. PacifiCare denies that it presented alleged representations to Plaintiffs that were material and false. PacifiCare denies that such alleged representations were deliberately, negligently, or recklessly presented to Plaintiffs in full knowledge of their falsity or with reckless or negligent disregard as to the truth.

22. PacifiCare denies any allegation that it engaged in conduct as part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

23. PacifiCare denies that it prepared the alleged material misrepresentations. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

24. PacifiCare denies any allegation that it was involved in any actionable conduct causing any alleged injuries to Plaintiffs, and is without knowledge or

4

information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT II

### Suppression

25. PacifiCare restates and incorporates its responses to Paragraphs 1 through 24 as though fully copied herein.

26. PacifiCare denies that it concealed and/or withheld the alleged material facts concerning the SecureHorizons plan. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

27. PacifiCare denies that it concealed and/or withheld the alleged material facts concerning the SecureHorizons plan. The allegation that PacifiCare had a duty to Plaintiffs is a legal conclusion that does not require a response. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

28. PacifiCare denies that it engaged in conduct as part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

29. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare.

## COUNT III

### Negligent, Reckless or Wanton Hiring, Training, Monitoring and Supervision

30. PacifiCare restates and incorporates its responses to Paragraphs 1 through 29 as though fully copied herein.

31. PacifiCare denies that it breached any duty owed to Plaintiffs, and the remaining allegations are legal conclusions that do not require a response.

32. The allegations in this paragraph are legal conclusions that do not require a response.

33. PacifiCare denies that it negligently and/or wantonly and/or recklessly breached any duty owed to Plaintiffs by failing to train, supervise, employ and retain competent and responsible agents, servants, employees or representatives. PacifiCare denies that it negligently and/or wantonly breached any duty owed to Plaintiffs to promptly investigate, ascertain and determine the skills and conduct of their agents, servants, employees and/or representatives and determine the skills and conduct of their agents, servants, employees and/or representatives to properly conduct company business. PacifiCare denies that it breached any duty owed to Plaintiffs to fully and competently train, supervise, monitor or otherwise ensure that their business was being operated in a proper manner by agents, servants, representatives, and/or employees. PacifiCare denies that it breached any duty to Plaintiffs to ensure that the plan at issue was being properly represented to Plaintiffs.

34. PacifiCare denies that it engaged in any negligent and/or wanton acts causing any damages to Plaintiffs.

## COUNT IV

### Conspiracy to Defraud

35.     PacifiCare restates and incorporates its responses to Paragraphs 1 through 34 as though fully copied herein.

36.     PacifiCare denies that it conspired to defraud Plaintiffs.

37.     PacifiCare denies that it engaged in any conduct which resulted in damages to Plaintiffs.

## COUNT V

### Unjust Enrichment/Constructive Trust

38.     PacifiCare restates and incorporates its responses to Paragraphs 1 through 37 as though fully copied herein.

39.     PacifiCare denies that it has been unjustly enriched by the payments and/or fees collected from Plaintiffs.  PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

40.     PacifiCare denies that it wrongfully and improperly obtained and/or wrongfully and improperly retained fees from Plaintiffs.  The remaining allegations in this paragraph are legal conclusions that do not require a response.

## COUNT VI

### Negligence and Wantonness

41.     PacifiCare restates and incorporates its responses to Paragraphs 1 through 40 as though fully copied herein.

42.     PacifiCare denies that it engaged in any conduct amounting to negligence or wantonness.  PacifiCare denies that it breached any duty of care owed to Plaintiffs

and/or acted recklessly and with conscious disregard for the rights of Plaintiffs and other enrollees. PacifiCare denies that it engaged in any conduct as part of a pattern and practice of activities involving enrollees nationwide and in the State of Alabama.

43.   PacifiCare denies that it enrolled Plaintiffs in the SecureHorizons plan against their best interests. PacifiCare denies that it replaced Plaintiffs' Medicare plan against their best interests. PacifiCare denies that it failed to adequately train agents. PacifiCare denies that if failed to adequately represent the plan. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

44.   PacifiCare denies any allegation that it was involved in any actionable conduct causing any alleged injuries or damages to Plaintiffs. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT VII

### Breach of Fiduciary Duties

45.   PacifiCare restates and incorporates its responses to Paragraphs 1 through 44 as though fully copied herein.

46.   PacifiCare denies that it breached any duty owed to Plaintiffs by engaging in wrongful conduct. PacifiCare denies any allegation that it was involved in any actionable conduct causing any alleged injuries or damages to Plaintiffs. The remaining allegations in this paragraph are either legal conclusions that do not require a response, or PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT VIII

### Intentional, Wanton, Reckless and/or
### Negligent Infliction of Emotional Distress

47. PacifiCare restates and incorporates its responses to Paragraphs 1 through 46 as though fully copied herein.

48. PacifiCare denies any allegation that it was involved in any actionable conduct causing any alleged injuries or damages to Plaintiffs. PacifiCare is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT IX

### Violation of the Alabama Deceptive Practices Act

49. PacifiCare restates and incorporates its responses to Paragraphs 1 through 48 as though fully copied herein.

50. The statements contained in this paragraph are legal conclusions and do not require a response. However, to the extent this paragraph contains factual allegations, PacifiCare denies any allegation that it was involved in any actionable conduct causing any alleged injuries or damages to Plaintiffs.

## II.

## DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice with all costs assessed against Plaintiffs.

### Second Defense

Plaintiffs' claims, if any, are governed and preempted by federal law, as more specifically set forth in PacifiCare's Notice of Removal.

### Third Defense

PacifiCare owed no duty to Plaintiffs that was breached as alleged in the Complaint.

### Fourth Defense

PacifiCare denies that any of its actions and/or omissions caused or contributed to Plaintiffs' harm.

### Fifth Defense

The sole proximate and/or contributing cause of Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of PacifiCare.

### Sixth Defense

Any damages sustained by Plaintiffs were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which PacifiCare had neither control, right to control, duty to control nor any other legal relationship whatsoever.

### Seventh Defense

PacifiCare reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Eighth Defense

PacifiCare's actions herein were conducted in good faith and were in accordance with the terms and conditions of its contractual obligations, if any.

### Ninth Defense

PacifiCare's actions at all times herein were commercially reasonable and in conformance with the requirements of applicable law.

### Tenth Defense

Any award of punitive damages would be a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

### Eleventh Defense

The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and are therefore in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### Twelfth Defense

Any award of punitive damages in this case would amount to an excessive fine in violation of the Eighth Amendment of the United States Constitution.

### Thirteenth Defense

PacifiCare denies each and every allegation of the Complaint in which Plaintiffs seek to impose liability upon PacifiCare, whether expressly denied herein or not.

**Fourteenth Defense**

PacifiCare hereby gives notice that it intends to rely upon such other and further defenses as may become available to it or apparent during the course of discovery in this case, and reserves the right to amend its answer and defenses to assert any such defenses.

**Fifteenth Defense**

PacifiCare pleads rights of contribution, third-party responsibility, and/or indemnity from one or more co-defendants and would aver that the acts and/or omissions of said parties caused, in whole or in part, Plaintiffs' injuries and/or damages, if any, and that a recovery, if any, against PacifiCare by the Plaintiffs must be reduced in accordance with the proportionate share of fault of all such named parties and/or PacifiCare is entitled to indemnification against the award of any damages.

**Sixteenth Defense**

The Plaintiffs' claims are subject to a contractual arbitration provision, and filed contemporaneously herewith is a Motion to Stay or Abate Proceedings and Compel Arbitration.

**III.**

**CROSS-CLAIMS**

1.   Cross-Claim Defendant:

Robert D. Bell is a non-resident citizen of the State of Alabama and a resident citizen of the State of Georgia, and upon information and belief, may be served with process at Route 1, Box 995, Shellman, Georgia, 39886.

2. To the extent PacifiCare is held liable to Plaintiffs under any cause of action asserted herein, PacifiCare asserts a claim of contractual and/or common law right of contribution and/or third-party responsibility against co-defendant Robert D. Bell.

3. To the extent PacifiCare is held liable to Plaintiffs under any cause of action asserted herein, PacifiCare asserts a contractual and/or common law right of indemnity against co-defendant Robert D. Bell.  Robert D. Bell acted solely as an independent contractor under a separate agreement with PacifiCare containing an indemnification provision.  Accordingly, Robert D. Bell owes indemnification to PacifiCare for all causes of action asserted herein and any damages that may result therefrom.

## **PRAYER**

**WHEREFORE**, having answered and defended the allegations of Plaintiffs' Complaint, and asserted certain cross-claims against other named defendants, PacifiCare requests that the Complaint be dismissed with prejudice as to any claims against PacifiCare with all costs assessed against Plaintiffs; alternatively, and to the extent any damages are awarded against PacifiCare, that PacifiCare be awarded contribution and/or indemnification from its co-defendant as pleaded for herein, with all costs assessed against the other defendant; and for any other relief to which it is entitled.

    Respectfully submitted,

    s/ Philip H. Butler
    Philip H. Butler (BUT007)
    George B. Harris (HAR138)
    William C. McGowin (MCG040)

<u>OF COUNSEL</u>

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701


Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

ATTORNEYS FOR DEFENDANTS
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY and UNITED
HEALTHCARE SERVICES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2007, I electronically filed the foregoing Motion to Stay or Abate Proceedings and Compel Arbitration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Robert G. Methvin, Jr.
    J. Matthew Stephens
    Rodney E. Miller
    *McCallum, Methvin & Terrell, P.C.*
    The Highland Building
    2201 Arlington Avenue South

    *Attorney for Plaintiffs*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Robert D. Bell
    Route 1, Box 995
    Shellman, Georgia, 39886

                                    Respectfully submitted,

                                    s/ Philip H. Butler
                                    Of Counsel