UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROY LASSITER, JENNIFER PURIFOY,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**PACIFICARE LIFE & HEALTH INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC.,** )<br>as successor in interest to Pacificare Life )<br>& Health Company**; ROBERT D. BELL** )<br>and Fictitious Defendants "A" through "R" )<br>)<br>Defendants. ) | CASE NO.: 2:07-CV-00583 |

## PLAINTIFFS' MOTION TO REMAND

**COME NOW** the Plaintiffs, by and through their undersigned counsel of record, and move this Honorable Court to remand this case to the Circuit Court of Bullock County, Alabama, from which it was improperly removed by Defendants. In support of this Motion, Plaintiffs show as follows:

1. On May 23, 2007, Plaintiffs, residents of Bullock County, Alabama, filed a Complaint against Pacificare Life and Health Insurance Company, United Healthcare Services, Inc., and Robert Bell in the Circuit Court of Bullock County, Alabama. Plaintiffs' state court action consist of the following state law claims: (1) fraud; (2) suppression; (3) negligent, reckless or wanton hiring, training, monitoring, and supervision; (4) conspiracy to defraud; (5) unjust enrichment/constructive trust; (6) negligence and wantonness; (7) breach of fiduciary duties;

      (8) intentional, wanton, reckless and/or negligent infliction of emotional distress; and (9) violation of the Alabama Deceptive Practices Act.

2. On June 25, 2007, Defendant Pacificare removed the state court action from the Circuit Court of Bullock County to this Court pursuant to 28 U.S.C. § 1441(b). Defendant Pacificare's argument for removal rests on the sole contention that this Court has federal question jurisdiction over the Plaintiffs' claims. More specifically, Pacificare argues that Plaintiffs' state law claims are completely pre-empted by federal law, that is, the Medicare Act/MMA, as amended in 2003.

3. It is well-settled that removal must be based upon the existence of a federal district court's original jurisdiction of a state court action. *See* 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392 (1987). Defendants bear the burden of establishing this Court's subject matter jurisdiction. Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989); B. Inc., 663 F.2d at 549; Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1177 citing Epps v. Bexar-Medina-Atascosa Counties Water Improvement Distr. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). If federal jurisdiction is even "doubtful", this case must be remanded. Williams v. Tri-County Community Center, 323 F.Supp. 286, 288 (S.D. Miss. 1971). A defendant may remove a state court action to federal court only if the action could have been originally filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392 (1987).

4. This case should be remanded because this court lacks federal question jurisdiction. Plaintiffs have asserted only state law claims. Defendant Pacificare has the burden of demonstrating that a substantial question of federal law is necessary to the resolution of the

       Plaintiffs' claims. *See* <u>Franchise Tax Board v. Const. Laborers Vacation Trust</u>, 463 U.S. 1 (1983); <u>Kidd v. Southwest Airlines</u>, 891 F.2d 540, 542-43 (5th Cir.1990); <u>First Nat. Reserve, L.C. v. Vaughn</u>, 931 F.Supp. 463, 468 (E.D.Tex.1996); <u>Rogers v. Modern Woodmen of America</u>, 1997 WL 206757, *4 (N.D.Miss.,1997). Defendant Pacificare has failed to meet this burden. Moreover, the fact that a state law claim relates to a federal issue, or involves an interpretation of a federal law, does not necessarily establish a federal question and provide removal jurisdiction. *See* <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 106 S.Ct. 3229 (1986).

5. Moreover, contrary to Defendants' arguments, it is well established that the Medicare statutory provisions do not provide for "complete pre-emption". *See* <u>Burke v. Humana Ins. Co.</u>, 1995 WL 841678, 2 (M.D. Ala.); <u>Grace v. Interstate Life & Accident, Ins. Co.</u>, 916 F.Supp. 1185, 1191 (M.D. Ala. 1996).

6. Moreover, it is evident from <u>Federal Register</u> excerpts and bulletins issued by the state insurance commissioner that the Medicare statutory provision was not intended to pre-empt all state law. *See* 70 FR, No. 18, 4319-20, 4362; *see also* AL Insurance Bulletin 2-16-2006, <u>Medicare Part D Marketing</u>; AL Insurance Bulletin 6-8-2007, <u>Medicare Advantage Insurance Producers</u>.

7. Plaintiffs also rely on their accompanying Memorandum of Law, which addresses these issues further.

       WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court remand this action to the Circuit Court of Bullock County, Alabama.

           Respectfully submitted,

           /s/ J. Matthew Stephens
           Robert G. Methvin, Jr. (MET009)
           J. Matthew Stephens (STE153)
           Rodney E. Miller (MIL126)

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939- 0199
Facsimile:   (205) 939-0399

           /s/ L. Cooper Rutland
           L. Cooper Rutland, Jr. (RUT010)

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089

## CERTIFICATE OF SERVICE

     I hereby certify that on 17TH day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:   (334) 956-7700

Paula Denney
John K. Edwards
JACKSON, WALKER, LLP
1401 McKinney, Suite 1900
Houston, TX 77010

                    /s/ J. Matthew Stephens
                    **COUNSEL**

## **CERTIFICATE OF SERVICE**

I hereby certify that on 17TH day of July, 2007, I placed the foregoing document in the U.S. mail to the following party:

Robert D. Bell
Route 1, Box 995
Shellman, GA 39886

                    /s/ J. Matthew Stephens
                    **COUNSEL**