UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROY LASSITER, JENNIFER PURIFOY,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | CASE NO.: 2:07-CV-00583 ) ) |
| **PACIFICARE LIFE & HEALTH INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC.,** as successor in interest to Pacificare Life & Health Company; **ROBERT D. BELL** and Fictitious Defendants "A" through "R" | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S
### MOTION TO STAY OR ABATE PROCEEDINGS AND COMPEL ARBITRATION

**COME NOW** the Plaintiffs, by and through their undersigned counsel of record, and hereby submit the following Opposition to Defendant's Motion to Stay or Abate Proceedings and Compel Arbitration.

### INTRODUCTION

This lawsuit was originally filed in the Circuit Court of Bullock County, AL on May 23, 2007. Defendant Pacificare removed the case to this Court on June 25, 2007, based on federal question jurisdiction. More specifically, Pacificare argued that the Plaintiffs' claims are pre-empted by the Medicare Act, as amended in 2003. Days later, Pacificare filed the instant Motion seeking to stay or abate proceedings and compel arbitration. On June 17, 2007, the Plaintiffs filed a Motion to Remand the underlying action to Bullock County arguing that there is no federal question jurisdiction. (See Court Document). In light of the Plaintiffs' Motion, the instant Motion is

premature as it seeks to compel arbitration prior to this Court's resolving the issue of jurisdiction. Plaintiffs, therefore, request the Court to hold the issue of whether the parties should arbitrate their claims in abeyance until it has been decided that this Court has jurisdiction over the underlying action. This request is consistent with United States Supreme Court and Eleventh Circuit precedent, as well as principles of judicial economy.

## **LEGAL DISCUSSION**

The Defendant seeks to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, *would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties*, for an order directing that such arbitration proceed in the manner provided for in such agreement . . . . (emphasis added).

Therefore, a case brought pursuant to the FAA does not, by itself, create subject matter jurisdiction in federal court. Rather, a federal court must have subject matter jurisdiction over the underlying case for it to resolve the issue of whether the parties claims are subject to arbitration.

According to the Eleventh Circuit Court of Appeals, "the Supreme Court has held that a suit brought pursuant to the FAA is not intrinsically a case presenting a federal question. As the Court stated in *Moses H. Cone,* '*The Arbitration Act* ... creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it *does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331* or otherwise.'" *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11 Cir. 1997).

The United State Supreme Court held in the seminal case of *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26, 103 S.Ct. 927, 942 (1983),

>The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. *E.g., Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 268-269 (CA5 1978), and cases cited. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence.

In the instant case, the Defendant claims that this Court has federal question jurisdiction over the underlying action. (See Defendants' Notice of Removal). The Plaintiffs disagree and have filed a Motion to Remand to that end. (See Plaintiffs' Motion to Remand). In light of the above-cited precedent, coupled with the unresolved issue of jurisdiction, the adjudication of the Defendant's Motion to Stay or Abate Proceedings and Compel Arbitration is premature at this time.

WHEREFORE, PREMISES CONSIDERED, in the interest of judicial economy, the Plaintiffs respectfully request this Court to hold the issue of whether the parties should arbitrate their claims in abeyance until the issue of jurisdiction is resolved. If it is resolved in the Defendants' favor, the Plaintiffs further request an additional ten (10) days from the date of the Court's Order in which to respond to the merits of the instant Motion.

Respectfully submitted,

/s/ J. Matthew Stephens
Robert G. Methvin, Jr. (MET009)
J. Matthew Stephens (STE153)
Rodney E. Miller (MIL126)

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205

Telephone: (205) 939- 0199
Facsimile: (205) 939-0399

                                                  /s/ L. Cooper Rutland
                                                  L. Cooper Rutland, Jr. (RUT010)

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089

## CERTIFICATE OF SERVICE

     I hereby certify that on 18TH day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:   (334) 956-7700

Paula Denney
John K. Edwards
JACKSON, WALKER, LLP
1401 McKinney, Suite 1900
Houston, TX 77010

                          /s/ J. Matthew Stephens
                          **COUNSEL**

## CERTIFICATE OF SERVICE

     I hereby certify that on 18TH day of July, 2007, I placed the foregoing document in the U.S. mail to the following party:

Robert D. Bell
Route 1, Box 995
Shellman, GA 39886

                          /s/ J. Matthew Stephens
                          **COUNSEL**