UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROY LASSITER, JENNIFER PURIFOY,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | CASE NO.: 2:07-CV-00583 ) ) |
| **PACIFICARE LIFE & HEALTH INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC.,** as successor in interest to Pacificare Life & Health Company**; ROBERT D. BELL** and Fictitious Defendants "A" through "R" | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW
IN REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO REMAND**

**COME NOW** the Plaintiffs, by and through their undersigned counsel of record, and provide the following Reply to Defendants' Response to Plaintiffs' Motion to Remand.

1.  Plaintiffs adopt and incorporate their arguments advanced in support of remand as set out in their previously filed Motion to Remand and supporting brief.

2.  In their Memorandum of Law in support of their Response to Plaintiffs' Motion to Remand, the Defendants spend most of their time arguing that the Medicare Act, through the CMS, sets forth marketing guidelines related to the sale of Medicare Advantage Plans; and that because the Plaintiffs' claims are related to the sale and marketing of the Secure Horizons plan, the Plaintiffs' state law claims are completely preempted by the Medicare Act, as amended in 2003 by the Medicare Modernization Act ("MMA"). The Defendants' enormous leap from "relatedness" to "complete preemption", however, is totally unsupported by the law. The Defendants can only offer

*Uhm v. Humana*, which is an unpublished opinion that has no precedential value whatsoever. The fact remains that despite all of the marketing standards for Medicare Advantage plans set out and regulated by the MMA, there must be a showing that the MMA was meant to displace state law claims with a private right of action. The Defendants have wholly failed to make this showing here.

      3.      Conspicuously absent from the Defendants' argument in its Memorandum Brief is any legitimate discussion about the critical second and third prongs of the preemption test set out in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542 (1987), which requires the federal law to "displace" the state law claim with a cause of action, much like ERISA and the LMRA. The reason for the paucity of any legal discussion or authority from the Defendants is simple. The MMA does not displace state law claims with a private right of action – a fact that is clear from the Act's own statutory language, which will be discussed, *infra*.

As set out in detail in the Plaintiffs' original brief, according to the United States District Court for the Middle District of Alabama's analysis of *Taylor*, three factors have been identified in determining whether complete preemption exists. First is the intent of Congress. *See M.P. Means v. The Independent Life and Accident Ins. Co.*, 963 F.Supp. 1131, 1133 (M.D. Ala. 1997) (citations omitted). Second, "it is not sufficient that the federal law preempt the state law claim; the federal law must also 'displace' the state law claim with a cause of action. Third, the jurisdictional and enforcement provisions of ERISA and the LMRA must have a close parallel in the federal law at issue." *Id.* (citations omitted). Accordingly, given the lack of clear intent on the part of Congress for the Medicare Act to completely preempt any state law causes of action, one must also turn to "displacement" and an analysis of the civil enforcement schemes set out in ERISA and the LMRA to determine if complete preemption exists here.

An analysis of the language of the statutory provisions of the MMA, 42 C.F.R. §§422.560-422.612, which the Defendants cite in support of its displacement argument, compared to the civil enforcement schemes set out in ERISA, 29 U.S.C. §1132(a), and the LMRA, 29 U.S.C. §185, reveals that Congress did not create a federal civil enforcement scheme allowing for a cause of action that consumers can use to pursue their private rights against the HMO. A detailed examination of these statutory provisions shows that ERISA and the LMRA contain civil enforcement provisions expressly authorizing ERISA beneficiaries to bring actions to recover benefits under an ERISA plan and workers to bring actions to recover against labor organizations, respectively. In contrast, the MMA does not create an exclusive, federal cause of action vindicating a beneficiary's interest.

ERISA and the LMRA provide exclusive causes of action for the claim asserted and also set forth procedures and remedies governing that cause of action. Section 1132 of ERISA empowers a beneficiary to bring a civil action for relief against the plan provider. 29 U.S.C. §1132(a). There are mechanisms established for jurisdiction in federal court, removal to federal court and service of process. *Id.* at (e) and (h). ERISA also establishes mechanisms for the litigant to seek monetary awards, attorney fees, and awards for costs of action. *Id.* at (c) through (g). Likewise, the LMRA establishes precisely the same mechanisms for rights of action for civil suits against labor organizations. 29 U.S.C. §185.

There are no similar provisions in the MMA creating a cause of action that a Medicare Advantage enrollee can use to pursue their private claims against the HMO. The Defendants cite 42 C.F.R. §§422.560-422.612 and broadly claim that the Plaintiffs have administrative/grievance processes available to them to "to obtain a remedy directly from Pacificare." (Defendants' Brief,

p. 18). A close examination of this vast grievance and procedure process reveals, however, that there is no civil enforcement provision whatsoever, much less one that parallels those under ERISA and the LMRA, as noted above. There is not a single provision allowing for the exclusive causes of action for claims asserted by an enrollee against the HMO like those under ERISA or the LMRA. Nor is there s single provision setting forth procedures and remedies governing that cause of action. Moreover, there is not a provision allowing for a private cause of action against the agent of the HMO who fraudulently misrepresented the Medicare Advantage plan. Consequently, in the removal context, the absence of any express remedial provision like those of ERISA and the LMRA defeats any complete preemption argument.

The above conclusion is consistent with federal precedent. *See M.P. Means v. Independent Life and Accident Ins. Co.*, 963 F.Supp. 1131 (M.D. Ala. 1997) (holding that, under the second and third prong of the *Taylor* preemption analysis, HIPPA did not preempt the plaintiffs state law claims because there was no evidence of a federal cause of action and jurisdictional grant of power like those found in ERISA and the LMRA); *see also Nott v. Aetna*, 303 F.Supp.2nd 565 (E.D. Penn. 2004) (holding that because the Medicare Act did not create an explicit or implied private right of action in federal court for HMOs to enforce their subrogation rights, there was no preemption by the Medicare Act); *Collins v. Baxter Healthcare Corp.*, 949 F.Supp. 1143 (D. N.J. 1996) (holding that even though the plaintiffs' claims were related to the Medicare Device Amendments Act, the Act did not preempt the state law claims because the federal statute did not provide a private right of action).

It is worth mentioning that the Defendants never assert that the MMA has the same civil enforcement scheme as that of ERISA or the LMRA. That is, the Defendants do not claim that the

4

Medicare Act displaces a private right of action. The Defendants only argue that the Plaintiffs have the opportunity to obtain a "remedy" from Pacificare through the administrative processes available under the MMA. The Defendants cite some examples of the types of remedies an enrollee can pursue (e.g., "disenrollment and a return of their premiums"). As for a "return of premiums", this remedy is unavailable to the enrollee and, therefore, an impossibility from a practical and procedural standpoint. A Medicare Advantage plan enrollee does not pay premiums to the HMO. Rather, upon enrolling in a Medicare Advantage plan, he or she continues to pay their Medicare Part B premiums *to Medicare*. Medicare then pays a set monthly rate to the HMO for that particular enrollee. There is no money exchanged between the enrollee and the HMO. Thus, there can be no return of premiums under this arrangement. The Defendants' representation to the Court in this regard not only is factually incorrect, but also demonstrates their lack of understanding about how their own product operates.

As for "disenrollment" as a remedy, this suggestion is almost as absurd as the Defendants' claim that the enrollee can seek a return of premiums. There are two enrollment and disenrollment periods during the year for Medicare Advantage plans. An enrollee can disenrollee as he or she pleases during this time. Thus, there is no need to seek an adjudication or the MMA's administrative processes to effectuate this result. The enrollee does not have to file an administrative claim or grievance with the MMA to disenroll.

Of course, there is the possibility that an enrollee can seek to have a claim reevaluated through the grievance and appeals process under the MMA. Even this remedy, however, pales in comparison to the remedies available under ERISA and the LMRA. Simply put, the MMA does not offer a monetary award, etc. for the enrollee's being tortiously wronged in the process; and even if

it did, the Plaintiffs are not claiming in this lawsuit that the Defendants have failed to properly pay a claim.  As such, the grievance and appeals process is irrelevant for the purposes of this analysis.

4. To conclude, in the context of preemption, it is not sufficient that the MMA establishes standards in the marketing and selling of Medicare Advantage plans that relate to the Plaintiffs' state law claims.  It is also not sufficient that the MMA has some procedures and administrative processes in place for an enrollee to seek a remedy in certain situations.  There must be a showing of clear Congressional intent for complete preemption; a clear showing of complete displacement of state law claims like those of ERISA and the LMRA; and a clear showing of a civil enforcement and jurisdictional scheme like those of ERISA and the LMRA.  All of these factors must be met for there to be complete preemption.  Even if one assumes that Congress intended for complete preemption (which it did not), there must be evidence of the second and third prong of the preemption analysis.  That is, there must be evidence that the MMA has a civil enforcement scheme that parallels that of ERISA and the LMRA.  Indeed, the Defendants have failed to offer even a shred of authority or evidentiary support for this critical part of the analysis.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request this Court to remand this matter to state court from where it was removed.

Respectfully submitted,

/s/ J. Matthew Stephens
Robert G. Methvin, Jr. (MET009)
J. Matthew Stephens (STE153)
Rodney E. Miller (MIL126)

**OF COUNSEL:**

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939- 0199
Facsimile:   (205) 939-0399

                                                /s/ L. Cooper Rutland
                                                L. Cooper Rutland, Jr. (RUT010)

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089


## CERTIFICATE OF SERVICE

I hereby certify that on 7TH day of August, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700

Paula Denney
John K. Edwards
JACKSON, WALKER, LLP
1401 McKinney, Suite 1900
Houston, TX 77010

                                                /s/ J. Matthew Stephens
                                                **COUNSEL**

## CERTIFICATE OF SERVICE

      I hereby certify that on 7TH day of August, 2007, I placed a copy of the foregoing document in the U.S. mail to the following party:

Robert D. Bell
Route 1, Box 995
Shellman, GA 39886


                                        /s/ J. Matthew Stephens
                                        **COUNSEL**