IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LASSITER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-583-MEF |
| ) | |
| PACIFICARE LIFE & HEALTH ) | (WO - Recommended for Publication) |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is now before the Court on Plaintiffs's Motion to Remand (Doc. # 9). Plaintiffs originally filed their complaint in the Circuit Court for Bullock County, Alabama, alleging fraud and other state law claims against Pacificare Life and Health Insurance Company ("Pacificare")[1] and Robert Bell ("Bell"), one of Pacificare's sales agents, for conduct arising out of the purchase of a Pacificare Medicare insurance policy. Defendants argue that this Court has subject matter jurisdiction over the Plaintiffs' claims under the doctrine of complete preemption. The Court has thoroughly considered the submissions of the parties in support of and in opposition to the motion. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that subject matter jurisdiction is lacking. Therefore, the Motion to Remand is due to be GRANTED.

---

[1] On December 20, 2005, Pacificare merged with United Healthcare Services, Inc. Plaintiffs have sued both Pacificare, as well as United Healthcare Services as a successor in interest. For simplicity, this opinion will refer to both of these entities collectively as "Pacificare".

I.  FACTS AND PROCEDURAL HISTORY

Prior to May 23, 2005, Plaintiffs obtained health care services through Medicare parts A and B.  Through Medicare, Plaintiffs were able to obtain medical services from any medical service provider anywhere in the country that accepted Medicare.  In May 2005, Plaintiffs were approached by Bell, a Pacificare sales agent, for the purpose of soliciting their enrollment in Pacificare's "Secure Horizons" plan, which is a "Medicare Advantage" plan, a privately-run managed care service operating under Medicare parts C and D.  Plaintiffs elected to enroll in the Secure Horizons plan based on the representations of the sales agent.  However, by enrolling in Secure Horizons, Plaintiffs were only covered for medical services provided by medical providers in the Pacificare network.

Plaintiffs claim that the true nature of the Secure Horizons plan was misrepresented to them, and that they were misled to believe that they could continue to visit their regular healthcare providers.  Plaintiffs continued to visit their regular doctors and have incurred bills as a result of these uncovered services.  On May 23, 2007, Plaintiffs filed this claim in the Circuit Court for Bullock County, Alabama, alleging various state law tort claims against Pacificare and Bell.  On June 25, 2007, Defendants removed the case to this court on the grounds that Plaintiffs' claims are completely preempted by federal law.  On July 17, 2007, Plaintiffs filed the instant Motion to Remand the case back to state court.

II.  DISCUSSION

The Defendants argue that this Court has jurisdiction because the Plaintiffs' state law

claims are completely preempted by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA"). Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. The burden of establishing that subject matter jurisdiction exists rests upon the party asserting jurisdiction. *Id.* Pacificare, as the removing party, bears the burden of proving federal jurisdiction in this case. *See, e.g.*, *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Pacificare's sole argument for federal jurisdiction is that the 2003 amendment to 28 U.S.C. § 1395w-26(b)(3) completely preempts Plaintiffs' state law claims.

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. *Id.* A suit arises under the Constitution and laws of the United States only when the plaintiffs statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id.* As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.* However, a state claim may be removed to federal court under two narrow exceptions to the well pleaded complaint rule: (1) when

3

Congress expressly provides for removal, or (2) when a federal statute wholly displaces the state-law cause of action through complete preemption. *Id.* at 8.

Consequently, federal jurisdiction exists only if the doctrine of complete preemption applies. Complete preemption is to be distinguished from ordinary preemption. In their brief, Pacificare confuses the two doctrines by citing cases applying ordinary preemption rather than complete preemption. Ordinary preemption is an *affirmative defense*, which may be raised in both state and federal court, when a plaintiff's state law claims are substantively displaced by federal law. *Geddes v. American Airlines, Inc.*, 321 F.3d 1349, 1352 (11th Cir. 2003). In contrast, complete preemption is a *jurisdictional rule* for assessing federal jurisdiction when a complaint purports to raise only state law claims. *Id.* at 1353.

No circuit court of appeals has addressed the question before this Court of whether the MMA completely preempts state law claims and thereby confers federal jurisdiction. However, the issue has been addressed by other district courts. In *Harris v. Pacificare Life & Health Ins. Co.*, — F. Supp. 2d ----, 2007 WL 2846477 (M.D. Ala. Sept. 28, 2007) (DeMent, J.), Pacificare attempted to remove state law claims arising out of the sale of a Medicare insurance policy on the ground that § 1395w-26(b)(3) demonstrated Congress's intent for the MMA to completely preempt state law claims, which is the exact same argument they are making to this Court. In *Harris*, Judge DeMent held that the MMA did not completely preempt state law claims because it does not create an exclusive cause of action. *See Harris*, 2007 WL 2846477, at *10-12. Furthermore, Judge Granade reached the

same conclusion in *Bolden v. Healthspring of Ala., Inc.*, No. CV07-413 (S.D. Ala. October 2, 2007). This Court is aware that one court has held that the MMA does completely preempt state law claims. *See Dial v. Healthspring of Ala., Inc.*, 501 F. Supp. 2d 1348 (S.D. Ala. 2007).

This Court is persuaded by the reasoning in *Harris* and *Bolden* that the MMA does not completely preempt state law claims. A federal statute does not completely preempt state law claims unless Congress intended the federal statute to provide the "exclusive cause of action." *See Beneficial Nat'l Bank*, 539 U.S. at 8; *Geddes*, 321 F.3d at 1353 ("The Supreme Court has cautioned that complete preemption can be found only in statutes with 'extraordinary' preemptive force. Moreover, that 'extraordinary' preemptive force must be manifest in the clearly expressed intent of Congress." (internal citations omitted)). The MMA provides in § 1395w-26(b)(3) that "The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part."

This language is not sufficient to demonstrate a clear intent by Congress to create an exclusive private federal remedy. *See Harris*, 2007 WL 2846477, at *11-12. Indeed, Pacificare compares this language to the preemption language in the Employee Retirement Income Security Act of 1974 ("ERISA") § 514(a), codified at 29 U.S.C. § 1144(a). While ERISA is one of the few statutes where the Supreme Court has found complete preemption,

5

it is well settled that *complete* preemption arises from ERISA's civil enforcement scheme in § 502(a), codified at 29 U.S.C. § 1132(a), and that § 514(a) establishes only *ordinary* preemption. *See Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999). Accordingly, § 1395w-26(b)(3) is insufficient to establish a clear Congressional intent that the MMA provides an exclusive private federal remedy. Therefore, this Court lacks jurisdiction over the Plaintiffs' claims and the case must be remanded back to the state court.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

(1) Plaintiff's Motion to Remand (Doc. # 9) is GRANTED;

(2) This case is REMANDED to the Circuit Court for Bullock County, Alabama;

(3) Any other pending motions are left for resolution by the Circuit Court for Bullock County, Alabama; and

(4) The Clerk is DIRECTED to take appropriate steps to promptly effect the remand.

DONE this the 13th day of December, 2007.

                     /s/ Mark E. Fuller
               CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).